IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| TYRON LARON COOKS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 114-091 |
| | ) | (Formerly CR 112-254) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Petitioner, an inmate confined to federal custody at the Federal Correctional Institution in Edgefield, South Carolina, has filed with this Court a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. The matter is now before the Court for an initial review of Petitioner's motion as required by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Petitioner's § 2255 motion be **DISMISSED** and that this civil action be **CLOSED**.

**I.    BACKGROUND**

On April 18, 2013, Petitioner pled guilty to one count of possession of a firearm and ammunition by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924. United States v. Cooks, CR 112-254, doc. nos. 25-27 (S.D. Ga. Apr. 18, 2013) (hereinafter "CR 112-254"). The written plea agreement set forth the maximum penalties for the offense to which Petitioner pled guilty, as well as the penalties he could face if

sentenced as an armed career criminal under § 924(e). (Id., doc. no. 27, p. 1.) Petitioner admitted the factual basis for his conviction, including that he had been convicted of three prior felonies. (Id. at 7.)

The United States Probation Office prepared a Presentence Investigation Report ("PSI") recommending that Petitioner receive an enhanced sentence based on his prior convictions. Pursuant to § 2K2.1(a)(2) of the United States Sentencing Guidelines ("USSG"), Petitioner's recommended base offense level was 24 because he had at least two felony convictions of either a crime of violence or a controlled substance offense. PSI ¶ 12. However, because Petitioner had at least three prior convictions for a violent felony or serious drug offense, it was recommended that he be sentenced as an armed career criminal under § 924(e), raising his recommended offense level to 33 pursuant to USSG § 4B1.4(b)(3)(B). PSI ¶ 18. On October 9, 2013, United States District Judge J. Randal Hall sentenced Petitioner under § 924(e) to a 180-month term of imprisonment, five years of supervised release, a $1,500.00 fine, and a $100.00 special assessment. (Id., doc. nos. 32, 33.) Judge Hall thereafter entered Petitioner's judgment and conviction on October 10, 2013. (Id., doc. no. 33.)

Petitioner did not appeal his conviction or sentence before filing the instant motion, which was mailed on April 3, 2014 and filed by the Clerk of the Court on April 8, 2014. (Doc. no. 1, pp. 1, 13.) Petitioner raises only one ground for relief, challenging the enhancement of his sentence based on his past convictions under either USSG § 2K2.1 or § 924(e) and USSG § 4B1.4. (Id. at 4; doc. no. 2, p. 1.) Petitioner argues that a "[s]ubstantial change of law" was announced by the Supreme Court in Alleyne v. United

States, 133 S. Ct. 2151 (2013), pursuant to which the prior convictions used to enhance his sentence constituted elements of his offense which must be submitted to the jury. (Doc. no. 1, p. 4; doc. no. 2, pp. 4-7.) Petitioner asks that his sentence be vacated or corrected pursuant to this change of law, and requests an evidentiary hearing and appointment of counsel. (Doc. no. 1, pp. 4, 12-13; doc. no. 2, p. 7.)

## II. DISCUSSION

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that a § 2255 motion must be dismissed "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Here, dismissal is warranted under the Rule 4 standard. As stated above, Petitioner's sole claim is based on Alleyne, in which the Supreme Court held that "facts that increase mandatory minimum sentences must be submitted to the jury." 133 S. Ct. at 2163. However, the rule announced in Alleyne does not apply retroactively on collateral appeal. See Chester v. Warden, --- F. App'x ---, No. 12-15119, 2014 WL 104150, at *4 (11th Cir. Jan. 13, 2014) (*per curiam*) ("Alleyne's rule does not apply retroactively on collateral review"); Starks v. Warden, FCC Coleman-USP I, --- F. App'x ---, No. 12-15956, 2013 WL 6670797, at *3 (11th Cir. Dec. 19, 2013) (*per curiam*) (same). Furthermore, even if Alleyne did apply retroactively on collateral review, it is irrelevant to Petitioner's case, as the Supreme Court stated therein that it was not addressing the exception to this rule, stated in Almendarez–Torres v. United States, 523 U.S. 224 (1998), that enhancement for a prior conviction is not an element that must be submitted to the jury. Alleyne, 133 S. Ct. 2160 n.1; see also United States v. Harris, 741 F.3d 1245,

1249-50 (11th Cir. 2014) (whether sentence can be increased because of prior convictions still governed by Almendarez-Torres, not Alleyne, and thus the fact of a prior conviction is not an element that must be found by a jury).

In sum, Petitioner is plainly not entitled to relief under Alleyne, and the instant motion should therefore be **DISMISSED**. See Rule 4(b) of the Rules Governing Section 2255 Proceedings. Because Petitioner's motion is without merit even assuming the truth of his factual allegations, he is also not entitled to an evidentiary hearing or appointment of counsel as requested. See Chavez v. Sec'y Fla. Dep't of Corr., 647 F.3d 1057, 1060 (11th Cir. 2011) ("[I]f a habeas petition does not allege enough specific facts that, if they were true, would warrant relief, the petitioner is not entitled to an evidentiary hearing."); Aron v. United States, 291 F.3d 708, 714-15 (11th Cir. 2002) (§ 2255 petitioner is entitled to a hearing only if he alleges facts that would entitle him to relief); Pennsylvania v. Finley, 481 U.S. 551, 555 (1987) (no constitutional right to counsel on collateral review); Barbour v. Haley, 471 F.3d 1222, 1227 (11th Cir. 2006) (same)).

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Petitioner's § 2255 motion be **DISMISSED** and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 25th day of April, 2014, at Augusta, Georgia.

*/s/ Brian K. Epps*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA