IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

TYRON LARON COOKS,              )
                               )
         Petitioner,           )
                               )
    v.                         )          CV 114-195
                               )          (Formerly CR 112-254)
UNITED STATES OF AMERICA,       )
                               )
         Respondent.           )
_____

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
_____

Petitioner, an inmate at the Federal Correctional Institution in Edgefield, South

Carolina, has filed with this Court a motion under 28 U.S.C. § 2255 to vacate, set aside, or

correct his sentence. For the reasons set forth below, the Court **REPORTS** and

**RECOMMENDS** that the motion for an evidentiary hearing be **DENIED**, (doc. no. 12), the

§ 2255 motion be **DENIED**, that this civil action be **CLOSED**, and that a final judgment be

**ENTERED** in favor of Respondent.

## I.    BACKGROUND

### A.    Indictment

On December 6, 2012, a grand jury in the Southern District of Georgia charged

Petitioner with one count of possession of a firearm and ammunition by a convicted felon, in

violation of 18 U.S.C. § 922(g)(1). United States v. Cooks, CR 112-254, doc. no. 1 (S.D.

Ga. Dec. 6, 2012) ("CR 112-254"). The Court appointed attorney Mukti Patel to represent

him. (Id., doc. no. 10.)

**B.      Change of Plea**

On April 18, 2013, Petitioner pled guilty to the one-count indictment pursuant to a plea agreement before United States District Judge J. Randal Hall. (Id., doc. nos. 26-27.) During the change of plea hearing, Judge Hall established Petitioner's competence to enter a guilty plea if he so desired. (Id., doc. no. 48 ("Rule 11 Tr."), pp. 4-5.)

First, Judge Hall reviewed the charge in the indictment and explained the rights that Petitioner would be waiving by pleading guilty. (Id. at 6-10.)  Petitioner affirmed that he clearly understood those rights. (Id. at 10.)  Among the rights explained, Judge Hall reviewed the right to trial by jury, the presumption of innocence, the government's burden to prove guilt beyond a reasonable doubt, the right to present and cross-examine witnesses, and the right to remain silent. (Id. at 7-9.)  Petitioner also affirmed that no one had forced or pressured him to plead guilty, or made him any promises to induce him to plead guilty. (Id. at 11.)  Nor had anyone promised, predicted, or prophesied that Petitioner would receive a specific sentence. (Id. at 15.)

Next, Judge Hall reviewed the minimum and maximum statutory penalties for the charge. (Id. at 11-12.)  Judge Hall explained that Petitioner, if deemed an armed career criminal, was facing a statutory minimum of fifteen years and a statutory maximum of life in prison, along with a maximum of five years supervised release and $250,000 fine. (Id. at 12.)  When asked, Petitioner confirmed that he understood the possible penalties. (Id.)

Judge Hall heard a factual basis for Petitioner's guilty plea from Special Agent Ron Rhodes of the Bureau of Alcohol, Tobacco, Firearms, and Explosives. (Id. at 16-18.)  SA Rhodes testified that deputies from the Richmond County Sheriff's Office responded to a domestic disturbance call involving gunshots on October 16, 2012. (Id. at 17.)  Based on a

description of the male's car leaving the site of the dispute, Deputy Brian Neely pulled over a silver Infiniti driven by Petitioner, conducted a traffic stop, and asked Petitioner if he was in possession of a firearm. (Id.) Petitioner indicated that a gun was located in the center console, and Deputy Neely s secured a loaded HK4 .22 caliber pistol from the console. (Id.) The ammunition and gun were manufactured outside of Georgia, thus meeting the requirement that the items affected interstate commerce. (Id. at 18.) SA Rhodes also testified that Petitioner had three prior felony convictions. (Id. at 17.) Petitioner affirmed that the testimony of SA Rhodes was factually correct as to his possession of the firearm and ammunition identified in the indictment and that he had three prior felony convictions. (Id. at 18-19.)

Petitioner's plea agreement included a broad appeal and collateral attack waiver provision that stated in relevant part:

> [T]o the maximum extent permitted by federal law, the defendant voluntarily and expressly waives the right to appeal the conviction and sentence and the right to collaterally attack the conviction and sentence in any post-conviction proceeding, including a 28 U.S.C. § 2255 proceeding, on any ground, except that: the defendant may file a direct appeal of his sentence if it exceeds the statutory maximum; and the defendant may file a direct appeal of his sentence if, by variance or upward departure, the sentence is higher than the advisory sentencing guideline range as found by the sentencing court.

(Id., doc. no. 27, p. 4.) By signing the plea agreement, Petitioner attested that he had read the plea agreement and it accurately set forth the terms and conditions of his agreement with the government. (Id. at 13.)

In reviewing the rights that Petitioner would be waiving by signing the plea agreement, Judge Hall reviewed the collateral attack waiver and summarized it as follows:

> I also note that by signing this plea agreement you are, again, giving up or waiving your rights to appeal your conviction and sentence and to attack your

3

conviction and sentence at a post-conviction proceeding on any ground. However, in the event that the Government should appeal your sentence or in the event that your final sentence should be higher than the statutory penalty for your charge or higher than the sentencing guideline range that applies to your case, then you would have the right to appeal the sentence. Otherwise, you are, in fact, giving up your right to appeal by signing this plea agreement.

(Rule 11 Tr., p. 11.) When asked about the appeal and collateral attack waiver, Petitioner clearly indicated that he understood it. (Id..) Judge Hall aptly summarized the proceedings as follows:

The Court finds that the defendant, Tyron Laron Cooks, is competent. He fully understands the charge against him. There is an independent factual basis for his plea of guilty containing each of the essential elements of the offense. He knows the maximum and potentially minimum punishment that could be imposed on the charge. And he knows his jury rights, which he has knowingly and voluntarily waived. I further find that Mr. Cooks' decision to plead guilty today was voluntary, knowing, and not the result of any force, pressure, threats, or promises other than the promises made by the Government in the plea agreement.

(Id. at 19-20.)

## C. Sentencing

The United States Probation Office then prepared a Presentence Investigation Report ("PSI") which set Petitioner's Total Offense Level at 30, Criminal History Category at IV, and an advisory Sentencing Guidelines range for imprisonment of 180 months due to the statutory minimum under the Armed Career Criminal Act ("ACCA"). (PSI ¶¶ 21, 55.) Petitioner objected to the PSI initially, but he withdrew the objections at sentencing. (Doc. no. 47 ("Sent. Tr."), p. 3.) As a result, Judge Hall adopted the factual statements and guidelines recommendation contained in the PSI, including a finding of three predicate ACCA offenses comprised of Defendant's two prior convictions for the sale of cocaine and a conviction for robbery. (Id. at 4; PSI ¶¶ 26, 28.)

On October 9, 2013, Judge Hall imposed a sentence of 180 months imprisonment, five years of supervised release, and a fine of $1500. (Id. at 13-14; CR 112-254, doc. no. 33.) Judgment was entered the next day, October 10, 2013. (Id., doc. no. 33.)

### D.     Subsequent Proceedings

Petitioner did not file an appeal but timely filed this § 2255 motion, raising two grounds for relief:

    I.    Petitioner's guilty plea was unknowing and involuntary due to ineffective assistance of counsel because he was not advised that he would be subject to the enhanced penalties under the ACCA.

    II.    Counsel was ineffective in failing to challenge the use of his convictions for the sale of cocaine and for robbery as ACCA predicates.

(Doc. no. 1, pp. 2-4; doc. no. 3, pp. 1-3.)   Respondent contends that (1) Petitioner's ineffective assistance claim relating to the guilty plea is barred by the collateral attack waiver which was knowingly and voluntarily signed; and (2) Petitioner's prior convictions for the sale of cocaine and robbery were properly used as ACCA predicates. (Doc. no. 5, pp. 10-21.)

## II.     DISCUSSION

### A.     There Is No Need For an Evidentiary Hearing.

Section 2255 does not require that the Court hold an evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief. . . ." 28 U.S.C. § 2255(b). "A hearing is not required on patently frivolous claims or those which are based upon unsupported generalizations. Nor is a hearing required where the petitioner's allegations are affirmatively contradicted in the record." Holmes v. United States, 876 F.2d 1545, 1553 (11th Cir. 1989) (citation omitted). Moreover, a petitioner is not

5

entitled to an evidentiary hearing where he asserts "merely conclusory allegations unsupported by specifics or contentions that in the face of the record are wholly incredible." Tejada v. Dugger, 941 F.2d 1551, 1559 (11th Cir. 1991) (citation omitted); see also Lynn v. United States, 365 F.3d 1225, 1238-39 (11th Cir. 2004). While ineffective assistance of counsel claims often require a hearing for development of an adequate record, an evidentiary hearing is not required every time such a claim is raised. Vick v. United States, 730 F.2d 707, 708 (11th Cir. 1984).

In Petitioner's motion for an evidentiary hearing, he claims that Respondent's brief conflicts with the facts that Petitioner has put forth in his motion. (See doc. no. 12.) However, no evidentiary hearing is needed because Respondent relies on the questions and responses set out in the change of plea transcript that affirmatively shows Petitioner is not entitled to relief on his ineffective assistance claim. (Doc. no. 5, p. 7.) Respondent also relies on the PSI, adopted by the Court without objection, to affirmatively contradict Petitioner's ACCA claim. (Id. at 19, 20.) Because Petitioner's claims are barred from review, lack merit as a matter of law, or are otherwise affirmatively contradicted by the record, no evidentiary hearing is necessary, and Petitioner's motion should be denied.

**B.    Petitioner Knowingly and Voluntarily Agreed to the Collateral Attack Waiver.**

It is well settled that a waiver of the right to collaterally attack a sentence and conviction is only enforceable if the waiver is knowing and voluntary. United States v. Warner-Freeman, 270 F. App'x 754, 757 (11th Cir. 2008); see also United States v. Weaver, 275 F.3d 1320, 1333 (11th Cir. 2001); United States v. Bushert, 997 F.2d 1343, 1345 (11th Cir. 1993); see also Vaca-Ortiz v. United States, 320 F. Supp. 2d 1362, 1365-67 (N.D. Ga.

6

2004 (applying case law concerning waiver of direct appeal to waiver of the right to collateral proceedings). "To establish the waiver's validity, the government must show either that (1) the district court specifically questioned the defendant about the provision during the plea colloquy, or (2) it is manifestly clear from the record that the defendant fully understood the significance of the waiver." Weaver, 275 F.3d at 1333. If the government meets this burden, then an appeal and collateral attack waiver is enforceable. See United States v. Pease, 240 F.3d 938, 942 (11th Cir. 2001) (enforcing waiver provision where defendant was specifically questioned during plea proceedings about waiver); United States v. Howle, 166 F.3d 1166, 1168-69 (11th Cir. 1999); United States v. Benitez-Zapata, 131 F.3d 1444, 1146-47 (11th Cir. 1997).

The plea agreement signed and verified by Petitioner fully set forth that, as a condition of his guilty plea, he was waiving any right to collaterally attack his sentence and conviction or the knowing and voluntary nature of his guilty plea. (See CR 112-254, doc. no. 27, p. 4 ("[T]o the maximum extent permitted by federal law, the defendant voluntarily and expressly waives the right to appeal the conviction and sentence and the right to collaterally attack the conviction and sentence in any post-conviction proceeding, including a 28 U.S.C. § 2255 proceeding. . . .").) Furthermore, Judge Hall reviewed Petitioner's plea agreement during the plea colloquy, specifically reviewing the waiver provision. (Rule 11 Tr., p. 11.) After Judge Hall concluded his review of the plea agreement, Petitioner acknowledged that he understood and agreed to the terms of the plea agreement, including the collateral attack waiver. (Id. at 11.) While Petitioner would have the Court ignore his responses to Judge Hall's questions, "solemn declarations in open court carry a strong presumption of verity" and "constitute a formidable barrier in any subsequent collateral proceedings." Blackledge v.

7

Allison, 431 U.S. 63, 74 (1977).

However, this finding does not end the Court's inquiry because Petitioner claims he received ineffective assistance when deciding whether to enter his guilty plea. This assertion, if found to have merit, would cast doubt not only on the validity of the appeal and collateral attack waiver, but also the knowing and voluntary nature of the entirety of the guilty plea. Indeed, courts have recognized that a defendant cannot waive the right to raise an ineffective assistance claim alleging a problem at the time he was entering the plea or regarding advice provided regarding the waiver. Vaca-Ortiz, 320 F. Supp. 2d at 1365; see also Williams v. U.S., 396 F.3d 1340, 1342 n.2 (11th Cir. 2005) ("[T]here may be a distinction between a § 2255 claim of ineffective assistance related to the validity of a plea in entering or negotiating the plea versus a claim of ineffectiveness at sentencing or a claim challenging the validity of the plea or agreement."). This is so because ineffective assistance of counsel in entering the plea "would require a finding that the plea was not entered knowingly and voluntarily, which would in turn mean that a court could not enforce a waiver contained within that plea agreement." Vaca-Ortiz, 320 F. Supp.2d at 1365 (citing Bushert, 997 F.2d at 1350-51). However, as discussed *infra*, the Court determines that Petitioner's ineffective assistance claim forms no basis for relief.

**C.    Petitioner Cannot Demonstrate Ineffective Assistance of Counsel.**

**1.    Under Strickland v. Washington, Petitioner Bears a Heavy Burden on an Ineffective Assistance of Counsel Claim.**

Ineffective assistance of counsel claims are subject to the two-part test enunciated in Strickland v. Washington, 466 U.S. 668 (1984). See Massaro v. United States, 538 U.S. 500, 505 (2003). Petitioner must show that counsel was constitutionally ineffective under the two

prongs of Strickland by proving defense counsel's performance was deficient and prejudicial. Under the first prong, Petitioner must show that "counsel's representation fell below an objective standard of reasonableness." Strickland, 466 U.S. at 688. In this regard, "[a] petitioner must overcome a strong presumption of competence, and the court must give significant deference to the attorney's decisions." Hagins v. United States, 267 F.3d 1202, 1204-05 (11th Cir. 2001). Strategic decisions are entitled to a "heavy measure of deference." Strickland, 466 U.S. at 691. "Given the strong presumption in favor of competence, the petitioner's burden of persuasion – though the presumption is not insurmountable – is a heavy one." Fugate v. Head, 261 F.3d 1206, 1217 (11th Cir. 2001) (citation omitted). "The test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer . . . could have acted, in the circumstances, as defense counsel acted . . . ." Waters v. Thomas, 46 F.3d 1506, 1512 (11th Cir. 1995) (*en banc*).

A court, however, "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies . . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." Strickland, 466 U.S. at 697; see Brooks v. Comm'r, Ala. Dep't of Corr., 719 F.3d 1292, 1301 (11th Cir. 2013). Under the prejudice prong of Strickland, a petitioner must show "that there 'is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" Brooks, 719 F.3d at 1300 (quoting Strickland, 466 U.S. at 694). As the Eleventh Circuit has ruled, a petitioner must affirmatively prove

9

prejudice that would undermine the results of the proceedings because "attorney errors come in an infinite variety and are as likely to be utterly harmless in a particular case as they are to be prejudicial. That the errors had some conceivable effect on the outcome of the proceeding is insufficient to show prejudice." Butcher v. United States, 368 F.3d 1290, 1293 (11th Cir. 2004) (citations and internal quotations omitted).

Moreover, in the context of a guilty plea, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985); Stephens v. Sec'y, Fla. Dep't of Corr., 678 F.3d 1219, 1225 (11th Cir. 2012), cert. denied, 133 S. Ct. 484 (2012). In assessing whether a petitioner has met this standard, the Supreme Court has emphasized the "fundamental interest in the finality of guilty pleas." Hill, 474 U.S. at 58. Therefore, Petitioner must show both that counsel's representation fell below an objective standard of reasonableness, *and* that there is a reasonable probability that but for counsel's errors, he would have insisted on going to trial. Id. at 56-59.

### 2. Petitioner Has Not Shown Entitlement to Relief Based on the Claim that Counsel Did Not Advise Him of the Possibility of Being Sentenced Under the ACCA.

In Ground I, Petitioner argues that he received ineffective assistance of counsel because he was never advised that he could be subject to the enhanced penalties under the ACCA. (Doc. no. 3, pp. 2, 3.) Petitioner further asserts that if he was advised of the potential enhancement then he would have proceeded to trial. (Id.) In regards to this claim, Petitioner fails to satisfy Strickland as the record affirmatively shows that he suffered no prejudice even if counsel failed to advise him of his possible sentence exposure because he was advised by the Court of his possible sentence.

10

So long as the Rule 11 court correctly advises a defendant of the minimum and maximum penalties he faces as a result of pleading guilty, a petitioner fails to establish prejudice by alleging that counsel gave erroneous advice about the sentence he might receive or the possibility for enhancements under the Guidelines.  See United States v. Wilson, 245 F. App'x 10, 11-12 (11th Cir. 2007) (no prejudice where counsel's deficient advice about possible sentencing implications was "cured" by district court, which explained "the consequences of the plea agreement, range of punishment, and sentencing contingencies before accepting [the] guilty plea"); see also United States v. Herrington, 350 F. App'x 363, 369 (11th Cir. 2009) (affirming district court's refusal to allow withdrawal of guilty plea with finding that defendant failed to show plea was not entered knowingly and voluntarily where judge at plea hearing set forth maximum possible penalties and fact that court was not bound by counsel's sentencing estimates).

Here, Judge Hall reviewed the minimum and maximum statutory penalties that applied to Petitioner's charges.  (Rule 11 Tr., pp. 11-12.)  Specifically, the Court during the plea colloquy advised Cooks that

> Q: [I]f you are deemed, as a result of your record, to be an armed career criminal under 18, United States Code, Section 924(e) then upon conviction there is . . . a mandatory minimum – 15 years or more than life; a fine of $250,000; not more than five years of supervised release; and a $100 special assessment.
>
> Do you understand these statutory penalties that apply to a conviction of this crime?

(Id. at 12.)  Petitioner replied, "Yes, sir."  (Id.)  In addition, Petitioner testified that no one had promised him a specific sentence and that he was satisfied by counsel's representation. (Id. at 7, 15.)  Likewise, the plea agreement Petitioner signed stated that Judge Hall was "free

11

to impose any sentence authorized by law up to the statutory maximum sentence" and that

his sentence might differ from the estimation of defense counsel or the United States

Attorney. (CR 112-254, doc. no. 27, p. 8.)

Although Petitioner would have the Court ignore his sworn testimony, "solemn

declarations in open court carry a strong presumption of verity" and "constitute a formidable

barrier in any subsequent collateral proceedings." Blackledge, 431 U.S. at 74. Given

Petitioner's sworn testimony that he understood the full extent of the possible penalties that

Judge Hall could impose at sentencing, he cannot now claim in these collateral proceedings

that he suffered prejudice from counsel's alleged failure to advise him about his possible

sentence exposure under the ACCA. Therefore, Petitioner fails to carry his heavy burden to

show prejudice under the second prong of Strickland, and he is not entitled to relief on his

ineffective assistance of counsel claim regarding trial counsel's sentencing advice. Hill, 474

U.S. at 59; Brooks, 719 F.3d at 1300.

### D. Petitioner Did Not Receive Ineffective Assistance When Counsel Failed to Challenge His Prior Convictions as ACCA Predicates.

In Ground II, Petitioner argues that counsel was ineffective for not challenging the

Court's determination that he was an armed career criminal.[1] (Doc. no. 3, p. 2; Doc. no. 1, p.

5.) Specifically, Petitioner argues that counsel should have challenged the use of his two

convictions for the sale of cocaine in 2003 and his conviction for robbery in 2007 as ACCA

predicates. However, as explained below, Petitioner was not prejudiced by counsel's failure

to challenge these three crimes as ACCA predicates.

---

[1] Although Petitioner's ineffective assistance claim relating to sentencing would
ordinarily be barred by the collateral attack waiver, the government is not relying on the
waiver in this case. (See doc. no. 5, p. 17.)

Petitioner did not receive ineffective assistance at sentencing because his two prior convictions for the sale of cocaine clearly qualified as "serious drug offenses" under the ACCA. The ACCA definition of "serious drug offense" includes: "an offense under State law, involving . . . distributing . . . a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. § 802)), for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A)(ii). Petitioner's two Georgia convictions fit the § 924(e) definition because: (1) they were state law crimes, (2) selling is a form of distributing, (3) cocaine is a controlled substance, and (4) they were punishable by up to thirty years. (See doc. no. 5-1, pp. 3-4, 8; O.C.G.A. § 16-13-30(b), (c); United States v. Johnson, 570 F. App'x 852, 857 (11th Cir. 2014) cert. denied, 135 S. Ct. 999, 190 L. Ed. 2d 874 (2015) (finding that an almost identical Florida statute prohibiting sale of cocaine satisfies the ACCA definition of serious drug offense)). Although Petitioner argues that his convictions were for simple possession, the PSI, adopted by the Court without objection at sentencing, affirmatively shows that the convictions were for the sale of cocaine under O.C.G.A. § 16-13-30(b), a statute that almost identically matches the language of 18 U.S.C. § 924(e)(2)(A)(ii). (PSI ¶ 26; doc. no. 5-1, p. 2.) Thus, Petitioner's two convictions for the sale of cocaine clearly qualify as proper ACCA predicate offenses.

Because Petitioner's two prior convictions for the sale of cocaine clearly qualified as ACCA predicates, Petitioner was not prejudiced by his counsel's failure to challenge the two drug convictions at sentencing nor was Petitioner's counsel deficient in not raising this meritless argument. See Brooks, 719 F.3d at 1300; Fugate, 261 F.3d at 1217. Accordingly, Petitioner's ineffective assistance claim regarding his counsel's failure to challenge his two convictions for the sale of cocaine does not afford him relief.

Similarly, Petitioner's counsel was not ineffective for failing to challenge Petitioner's conviction for robbery as an ACCA predicate at sentencing. According to the Georgia statute of conviction, "[a] person commits the offense of robbery when, with the intent to commit theft, he takes property of another from the person of another or the immediate presence of another: 1) by use of force; or 2) by intimidation, by the use of threat or coercion, or by placing such person in fear of immediate serious bodily injury to himself or to another; or 3) by sudden snatching." O.C.G.A. § 16-8-40. In United States v. Welch, 683 F.3d 1304, 1313 (11th Cir. 2012), the Eleventh Circuit held that a remarkably similar Florida statute that criminalized stealing property from another's person or custody using "force, violence, assault, or putting in fear" categorically qualified as a violent felony under the ACCA. The Eleventh Circuit also assumed that the Florida statute included sudden snatching as a method of committing robbery. Id. Thus, any argument at sentencing by Petitioner's counsel against the use of robbery as a predicate would have been foreclosed by Welch because the Georgia statute would have categorically qualified under the ACCA's residual clause.

Petitioner previously argued in a motion to stay that Johnson v. United States, No. 13-7120, 2015 WL 2473450 (U.S. June 26, 2015) would have bearing on this case because it would revisit the ACCA's residual clause. (See doc. no. 10.) Johnson, decided recently, held that the residual clause of the ACCA was unconstitutionally vague and violated due process. Id. at *11. The holding of Johnson is inapplicable, however, because Petitioner has framed his claim as an ineffective assistance claim. Petitioner could not have been prejudiced by the lack of an argument from his counsel that was clearly foreclosed by Eleventh Circuit precedent at the time it would have been made. Had counsel made the argument that Petitioner is alleging he should have made, the result of the sentencing proceeding would have been the same. Brooks, 719

14

F.3d at 1300. Counsel also would not have been deficient in raising a seemingly meritless argument. Fugate, 261 F.3d at 1217.

Accordingly, Petitioner's argument that he received ineffective assistance of counsel at sentencing is without merit. Petitioner was neither deficient nor prejudiced by the absence of meritless arguments at sentencing. See Brooks, 719 F.3d at 1300; Fugate, 261 F.3d at 1217. Accordingly, Petitioner's ineffective assistance claim regarding his armed career criminal enhancement does not afford him relief.

III.  CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the motion for an evidentiary hearing be **DENIED**, (doc. no. 12), the § 2255 motion be **DENIED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of Respondent.

SO REPORTED and RECOMMENDED this 29th day of July, 2015, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA