IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| TYRON LARON COOKS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 114-195 |
| | ) | (Formerly CR 112-254) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER**

After a careful, *de novo* review of the file, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation, to which no objections have been filed. In lieu of objections, Petitioner has filed a motion to amend, wishing to add a claim in light of Johnson v. United States, 135 S. Ct. 2551 (2015). (Doc. no. 22.) In his original motion, Petitioner argued that his attorney was ineffective in failing to argue that his robbery conviction could not qualify as a violent felony under the Armed Career Criminal Act ("ACCA"). (Doc. no. 1.) In the adopted Report and Recommendation, the Magistrate Jude correctly concluded that there was no ineffective assistance because controlling law in the Eleventh Circuit at the time of sentencing, prior to Johnson, foreclosed such a challenge. Petitioner now wishes to add a direct attack under Johnson, claiming that his robbery conviction qualified as an ACCA predicate offense only under the unconstitutionally vague residual clause of the ACCA, such that it was error to find that he qualified for sentence enhancement as an armed career criminal. (See doc no. 22.)

The Federal Rules of Civil Procedure are applicable to proceedings for habeas corpus "to the extent that the practice in those proceedings: (A) is not specified in a federal statute, the Rules Governing 2254 Cases, or the Rules Governing Section 2255 Cases; and (B) has previously conformed to the practice in civil actions." Fed. R. Civ. P. 81(a)(4). Similarly, Rule 12 of the Rules Governing § 2255 Proceedings provides that "[t]he Federal Rules of Civil Procedure . . . , to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules." Furthermore, both the Supreme Court and the Eleventh Circuit have held Federal Rule of Civil Procedure 15 applicable to requests to amend § 2255 motions. See Mayle v. Felix, 545 U.S. 644, 654 (2005); Pruitt v. United States, 274 F.3d 1315, 1317-19 (11th Cir. 2001). Thus, the Court will apply a traditional Rule 15 analysis to Petitioner's motion to amend.

Because Petitioner did not amend as a matter of course under Fed. R. Civ. P. 15(a)(1), Petitioner can only amend with leave of court. Fed. R. Civ. P. 15(a)(1). Fed. R. Civ. P. 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). While the general rule is that courts should grant leave to amend freely, courts have the discretion to deny leave "in the exercise of its inherent power to manage the conduct of litigation before it." Saewitz v. Lexington Ins. Co., 133 F. App'x 695, 699 (11th Cir. 2005); see also Foman v. Davis, 371 U.S. 178, 182 (1962); Reese v. Herbert, 527 F.3d 1253, 1263 (11th Cir. 2008).

"In making this determination, a court should consider whether there has been undue delay in filing, bad faith or dilatory motives, prejudice to the opposing parties, and the futility of the amendment." Saewitz, 133 F. App'x at 699 (quoting Foman, 371 U.S. at 182). A motion to amend that seeks to add claims is properly denied as futile when the claims are

2

without merit or cannot form the basis for cognizable relief. See Coventry First, LLC v. McCarthy, 605 F.3d 865, 870 (11th Cir. 2010) (ruling that futility includes proposed amendments that fail as a matter of law).

The Court finds it appropriate to allow Petitioner to add his Johnson claim and thus **GRANTS** Petitioner's motion. (Doc. no. 22.) Because both parties have fully briefed the ACCA issue, the Court will now proceed with a ruling on the merits of the amended § 2255 motion. As explained below, dismissal of Petitioner's new claim is warranted because his prior robbery conviction clearly falls under the "elements" clause of the ACCA, rendering the residual clause and Johnson irrelevant.

"To determine whether a crime constitutes a violent felony, a court must follow a categorical approach in which it looks 'only to the statutory definitions of the prior offenses, and not to the particular facts underlying those convictions.'" United States v. Brown, 379 F. App'x 872, 874 (11th Cir. 2010) (quoting Taylor v. United States, 495 U.S. 575, 600 (1990)). However, to determine the statutory basis for conviction, a court may consult certain Shepard documents such as charging documents, plea agreements, transcripts of plea colloquies, jury instructions, and verdict forms. Johnson v. United States, 559 U.S. at 144. Undisputed facts contained in a PSI may also be used in determining the statutory basis for conviction. United States v. Ramirez-Flores, 743 F.3d 816, 820 (11th Cir. 2014).

The Shepard documents here show that Petitioner was charged with armed robbery and subsequently pleaded guilty to the lesser-included offense of robbery by intimidation. (PSI ¶ 28, Doc. no. 5-2, pp. 2, 5.) Further, the uncontested PSI states that the offense occurred when Petitioner brandished a handgun to force the victim to relinquish possession of a briefcase. (PSI ¶ 28.)

3

Excluding the now invalid residual clause, any crime punishable by more than one year in prison is a violent felony if it falls within one of two categories under the ACCA. First, the "elements clause" of the ACCA defines a qualifying predicate "violent felony" as any crime that "has as an element the use, attempted use, or threatened use of physical force against the person of another . . . ." 18 U.S.C. § 924(e)(2)(B). Second, the ACCA also defines a violent felony as burglary, arson, extortion, or those involving the use of explosives. Id. Here, the pivotal question is whether robbery by intimidation under Georgia law necessarily contains as an element the "threatened use of physical force against the person of another." Id.

The Georgia armed robbery statute specifies that the lesser-included offense of armed robbery is robbery by intimidation. O.C.G.A. § 16-8-41(a); doc. no. 5-2, p. 5. Robbery by intimidation occurs when "[a] person . . . with the intent to commit theft . . . takes property of another from the person of another or the immediate presence of another . . . by intimidation, by the use of threat or coercion, or by placing such person in fear of immediate serious bodily injury to himself or to another . . . ." O.C.G.A. § 16-8-40. Construing O.C.G.A. § 16-8-40, the Georgia Court of Appeals has held that "[a] conviction for robbery by intimidation . . . requires proof that the theft was attended with such circumstances of terror-such threatening by word or gesture, as in common experience, are likely to create an apprehension of danger, and induce a [person] to part with his property for the safety of his person." Smith v. State, 543 S.E.2d 434, 435 (Ga. Ct. App. 2000).

Thus, robbery by intimidation contains as an element a threat, implicit or overt, which would likely create fear for the safety of the person being threatened. Although this definition does not include the word force, the natural corollary of an act that creates fear for

4

the safety of a person is the threatened use of physical force against that person. Indeed, the Seventh Circuit reached this same conclusion and held that Georgia's robbery by intimidation statute falls under the elements clause of the ACCA because it contains as an element a threat of the use of physical force. See United States v. Thomas, 280 F.3d 1149, 1159, (7th Cir. 2002). Other circuits have held that similar robbery by intimidation statutes fall under the elements clause. See United States v. Presley, 52 F.3d 64, 69 (4th Cir. 1995) (holding Virginia robbery by intimidation statute involved threatened use of physical force); United States v. Melton, 344 F.3d 1021, 1026 (9th Cir. 2003) (same); United States v. Mitchell, 743 F.3d 1054, 1059 (6th Cir.) (holding Tennessee crime of robbery by fear fell under elements clause because fear defined as "a fear of bodily injury and of present personal peril from violence offered or impending.") Because Petitioner's robbery conviction clearly qualifies as a violent felony under the elements clause, the residual clause and Johnson are irrelevant, and Petitioner's new claim is without merit.

Petitioner also argues in his amended § 2255 motion that his two convictions for the sale of cocaine do not qualify as separate crimes. (Doc. no. 22, pp. 3-4.) According to the conceded facts in Petitioner's PSI, he sold cocaine on two different days, March 22, 2002 and April 3, 2002. (PSI ¶ 26.) Under Eleventh Circuit law, these clearly count as two separate crimes for ACCA purposes. See United States v. Patterson, 423 Fed. Appx. 921, 924 (11th Cir. 2011). Thus, this claim is also without merit

Further, a federal prisoner must obtain a certificate of appealability ("COA") before appealing the denial of his motion to vacate. This Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) to the Rules Governing Section 2255 Proceedings. This Court should grant a COA only if the prisoner

makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in the Report and Recommendation, and in consideration of the standards enunciated in Slack v. McDaniel, 529 U.S. 473, 482-84 (2000), Petitioner has failed to make the requisite showing. Accordingly, the Court **DENIES** a COA in this case.[1] Moreover, because there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Accordingly, Petitioner is not entitled to appeal *in forma pauperis*. See 28 U.S.C. § 1915(a)(3).

Accordingly, the Court **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion, **GRANTS** Petitioner's motion to amend (doc. no. 22), **DENIES** Petitioner's motion for an evidentiary hearing (doc. no. 12), and **DENIES** the motion and amended motion filed pursuant to 28 U.S.C. § 2255. Upon the foregoing, the Court **CLOSES** this civil action and **DIRECTS** the Clerk to enter final judgment in favor of Respondent.

SO ORDERED this 13th day of November, 2015, at Augusta, Georgia.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] "If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) to the Rules Governing Section 2255 Proceedings.