IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| TYRON LARON COOKS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 117-027 |
| | ) | (Formerly CR 112-254) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Petitioner, an inmate at the Federal Correctional Institution in Edgefield, South Carolina, has filed with this Court a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence.  Respondent moves to dismiss the § 2255 motion.  For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Respondent's motion to dismiss be **GRANTED** (doc. no. 3), Petitioner's § 2255 motion be **DISMISSED**, this civil action be **CLOSED**, and a final judgment be **ENTERED** in favor of Respondent.

I.      **BACKGROUND**

A.      **Indictment**

On December 6, 2012, a grand jury in the Southern District of Georgia charged Petitioner with one count of possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1).  United States v. Cooks, CR 112-254, doc. no. 1 (S.D. Ga. Dec. 6, 2012) ("CR 112-254").  The Court appointed attorney Mukti Patel to represent him.  (Id., doc. no. 10.)

### B.    Agreement to Plead Guilty

On April 18, 2013, Petitioner appeared with counsel before Chief United States District Judge J. Randal Hall and pled guilty to the felon in possession charge.  Id., doc. nos. 25-27.  In exchange for the guilty plea, the government agreed to (1) not oppose a two-point acceptance of responsibility reduction and move for an additional one-point reduction under U.S.S.G. § 3E1.1(b), and (2) consider filing a motion, based on any "substantial assistance" provided by Petitioner, for downward departure under U.S.S.G. § 5K1.1 or a reduction of Petitioner's sentence under Fed. R. Crim. P. 35.  Id., doc. no. 27, pp. 2-3.

For his part, Petitioner admitted the factual basis for his guilty plea, including having been previously "convicted of one or more felonies, crimes punishable by imprisonment for a term exceeding one year," including two separate 2003 convictions for sale of cocaine and one 2005 conviction for robbery.  Id. at 7.  The three convictions listed in the plea agreement are the same three listed in count one of the indictment.  Id., doc. no. 1, p. 1.  As part of the plea agreement, Petitioner also agreed to waive the right to file a direct appeal and the right to collaterally attack his conviction and sentence unless his sentence exceeded the statutory maximum, the sentencing court upwardly departed from the advisory Guideline range, or the government appealed the sentence.  Id., doc. no. 27, pp. 4.

During the change of plea hearing, Chief Judge Hall established Petitioner's competence to enter a guilty plea if he so desired.  Id., doc. no. 48, pp. 4-5.  Chief Judge Hall reviewed the charges and the possible statutory penalties for the charge to which Petitioner was pleading guilty.  Id. at 11-12.  The Court also reviewed the rights Petitioner was waiving by pleading guilty and established Petitioner understood the rights he was giving up.  Id. at 6-

2

10.

Special Agent Ronald Rhodes with the Bureau of Alcohol, Tobacco, Firearms and Explosives testified to the factual basis for Petitioner's guilty plea.  Id. at 16-18.  SA Rhodes testified that deputies from the Richmond County Sheriff's Office responded to a domestic disturbance call involving gunshots on October 16, 2012.  (Id. at 17.)  Based on a description of the male's car leaving the site of the dispute, Deputy Brian Neely pulled over a silver Infiniti driven by Petitioner, conducted a traffic stop, and asked Petitioner if he was in possession of a firearm.  (Id.)  Petitioner indicated that a gun was located in the center console, and Deputy Neely secured a loaded HK4 .22 caliber pistol from the console.  (Id.)  The ammunition and gun were manufactured outside of Georgia, thus meeting the requirement that the items affected interstate commerce.  (Id. at 18.)  SA Rhodes also testified Petitioner had three prior felony convictions.  (Id. at 17.)  Petitioner affirmed the testimony of SA Rhodes was factually correct as to his possession of the firearm and ammunition identified in the indictment and that he had three prior felony convictions.  (Id. at 18-19.)

### C.    Sentencing

The United States Probation Office then prepared a Presentence Investigation Report ("PSI") which set Petitioner's Total Offense Level at 30, Criminal History Category at IV, and an advisory Sentencing Guidelines range for imprisonment of 180 months due to the statutory minimum under the Armed Career Criminal Act ("ACCA").  (PSI ¶¶ 54, 55.)  Petitioner objected to the PSI initially, but he withdrew the objections at sentencing.  (CR 112-254, doc. no. 47, p. 3.)  At no time did Petitioner object to the use of his prior robbery

conviction to determine he qualified for an ACCA enhancement.   See PSI Add. Consequently, Chief Judge Hall adopted the factual statements and guidelines recommendation contained in the PSI, including a finding of three predicate ACCA offenses comprised of Defendant's two prior convictions for the sale of cocaine and a conviction for robbery.  (Id. at 4; PSI ¶¶ 26, 28.)

On October 9, 2013, Chief Judge Hall imposed a sentence of 180 months imprisonment, five years of supervised release, and a fine of $1500.  (CR 112-254, doc. no. 47, pp. 13-14; doc. no. 33.)  Judgment was entered the next day, October 10, 2013.  (Id., doc. no. 33.)  Petitioner did not file an appeal.

### D.    First and Second § 2255 Motions

Petitioner filed his first § 2255 motion on April 8, 2014, but subsequently moved to dismiss it without prejudice, which the Court did.  Id., doc. nos. 35, 43, 44.  Petitioner signed his second § 2255 motion on October 6, 2014, and the Clerk of the Court filed it on October 8, 2014.  Id., doc. no. 45.  Petitioner raised two grounds for relief:

    I.    Petitioner's guilty plea was unknowing and involuntary due to ineffective assistance of counsel because he was not advised that he would be subject to the enhanced penalties under the ACCA.

    II.    Counsel was ineffective in failing to challenge the use of his convictions for the sale of cocaine and for robbery as ACCA predicates.

(Id. doc. no. 45, pp. 2-4; doc. no. 49, pp. 1-3.)  The undersigned recommended denial of the motion because Petitioner's counsel was not ineffective for failing to advise him of enhanced ACCA penalties and failing to challenge his prior convictions as ACCA predicates.  Id., doc. no. 61.  In lieu of objections, Petitioner filed a motion to amend seeking to directly attack his

4

conviction under <u>Johnson v. United States</u>, 576 U.S. -, 135 S. Ct. 2551 (2015). <u>Id.</u>, doc. no. 65. Petitioner claimed his conviction for robbery no longer qualified as an ACCA predicate offense. <u>Id.</u> Chief Judge Hall granted the motion to amend, but denied Plaintiff relief, holding because "Petitioner's robbery conviction clearly qualifies as a violent felony under the elements clause, the residual clause and <u>Johnson</u> are irrelevant, and Petitioner's new claim is without merit." <u>Id.</u>, doc. no. 67, pp. 3-5. Judgment was entered on November 13, 2015. <u>Id.</u>, doc. no. 68. Petitioner did not appeal any of the rulings in his second § 2255 proceedings.

### E. Third § 2255 Motion

Arguing his ACCA sentence was improperly enhanced in light of <u>Johnson</u>, Petitioner next sought permission from the Eleventh Circuit Court of Appeals to file a second or successive § 2255 motion. <u>In re Cooks</u>, No. 16-14444-J (11th Cir. Aug. 9, 2016), CR 112-254, doc. no. 70. The Eleventh Circuit granted Petitioner's application because Petitioner made a *prima facie* showing that his claim implicated <u>Johnson</u>. <u>Id.</u> at 6. In its ruling, the Eleventh Circuit cautioned it made a limited determination to allow the filing of a second motion, and because no merits had been conclusively resolved by simply allowing the motion to be filed, this Court did not owe deference to the *prima facie* finding. <u>Id.</u> at 6-7.

In the third § 2255 motion filed in this Court on March 3, 2017, Petitioner again argues his robbery conviction is not properly counted as an ACCA predicate after <u>Johnson</u>, and therefore his ACCA sentence is unlawful. (Doc. no. 1.) Respondent contends Petitioner has not met the requirements for a second or successive motion under § 2255(h). (Doc. no. 3.)

## II.   DISCUSSION

### A.   Petitioner Has Not Met the Requirements for a Successive Motion Under § 2255(h).

Petitioner is entitled to one § 2255 motion, and he must receive permission from the Eleventh Circuit to file a "second or successive" motion.  28 U.S.C. § 2255(h).  The Eleventh Circuit will authorize a second or successive § 2255 motion if Petitioner can make a *prima facie* showing that there is:

> (1)   newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or

> (2)   a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Id.  However, even if the Eleventh Circuit authorizes a second or successive motion, this Court is required to determine whether Petitioner has met the requirements of § 2255(h) *de novo*.  In re Moore, 830 F.3d 1268, 1271 (11th Cir. 2016) ("[T]he district court is to decide the § 2255(h) issues fresh, or in the legal vernacular, *de novo*.") (citing Jordan v. Sec'y, Dep't of Corr., 485 F.3d 1351, 1358 (11th Cir. 2007)); In re Bradford, 830 F.3d 1273, 1276 (11th Cir. 2016) ("[I]n the context of applications to file successive § 2255 motions, we have adopted Jordan, 485 F.3d at 1358.").

Here, despite the Eleventh Circuit's threshold determination that Petitioner presented a *prima facie* claim under Johnson, Petitioner has not met the requirements of § 2255(h). Petitioner does not present "newly discovered evidence" under § 2255(h)(1).  Thus, he must meet the requirements of § 2255(h)(2) by demonstrating his case presents "a new rule of

constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was *previously unavailable*." 28 U.S.C. § 2255(h)(2) (emphasis added).

While the Supreme Court has determined Johnson is a new rule of constitutional law made retroactive to cases on collateral review, it was not "previously unavailable" to Petitioner. Indeed, Petitioner presented his Johnson claim in his first § 2255 motion, lost, took no appeal, and now simply wants to re-litigate the merits. See Roberson v. United States, Nos. CR 109-139/CV 116-192, 2017 WL 1536270, at *3-*4 (S.D. Ga. Mar. 29, 2017) (rejecting second § 2255 motion where Johnson claim raised and rejected in first § 2255 motion), *adopted by*, 2017 WL 1536450 (S.D. Ga. Apr. 27, 2017); McClouden v. United States, Nos. CR 609-015/CV 616-089, 2016 WL 5109530, at *1 (S.D. Ga. Sept. 20, 2016) (same), *adopted by*, 2016 WL 6139928 (S.D. Ga. Oct. 21, 2016); Peek v. United States, Nos. CR 408-221/CV 416-165, 2016 WL 4926431, at *2 (S.D. Ga. Sept. 14, 2016) (same), *adopted by*, Nos. CV 416-165/CR 408-221, 2017 WL 235190 (S.D. Ga. Jan. 18, 2017). As described in Section I(D), in the course of those prior proceedings, the Court ruled: "the residual clause and Johnson are irrelevant" because Petitioner's prior robbery offense qualifies as a predicate under the elements clause of the ACCA. CR 112-254, doc. no. 67, p. 5. Because Petitioner's Johnson claim was previously available, indeed was made and rejected, he has not met the requirements of § 2255(h)(2).

**B.    Even if Petitioner Were Authorized to Proceed with a Successive § 2255 Motion, He Is Not Entitled to Resentencing.**

Even if Petitioner's Johnson claim were previously unavailable and Petitioner had met the requirements to bring a second or successive motion under § 2255(h), he is not

entitled to the relief he seeks because his robbery conviction continues to qualify as ACCA predicates under the elements clause.

The ACCA defines violent felony as any felony that either "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another."  18 U.S.C. § 924(e)(2)(B). Subsection (i) is sometimes identified as the elements clause, while subsection (ii) is subdivided into (a) the enumerated offenses clause, and (b) the now invalid residual clause. See In re Thomas, 823 F.3d 1345, 1347 (11th Cir. 2016).

The now-invalidated residual clause of the ACCA violent felony definition includes a crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another."  18 U.S.C. § 924(e)(2)(B)(ii).  However, Johnson "did not call into question the application of the elements clause and the enumerated clause of the ACCA's definition of a violent felony," all of which may still be used to impose ACCA enhancements.  In re Hires, 825 F.3d 1297, 1299 (11th Cir. 2016); see also Johnson, 135 S. Ct. at 2563.  Thus, after Johnson invalidated the residual clause of the ACCA, an enhancement may still be validly applied based on an offense falling under the elements clause of the ACCA.  See 18 U.S.C. § 924(e)(2)(B)(i) (defining violent felony as offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another").

"To determine whether a crime constitutes a violent felony, a court must follow a categorical approach in which it looks 'only to the statutory definitions of the prior offenses,

and not to the particular facts underlying those convictions.'" <u>United States v. Brown</u>, 379 F. App'x 872, 874 (11th Cir. 2010) (quoting <u>Taylor v. United States</u>, 495 U.S. 575, 600 (1990)).  However, to determine the statutory basis for conviction, a court may consult certain <u>Shepard</u> documents such as charging documents, plea agreements, transcripts of plea colloquies, jury instructions, and verdict forms.  <u>Johnson v. United States</u>, 559 U.S. at 144. Undisputed facts contained in a PSI may also be used in determining the statutory basis for conviction.  <u>United States v. Ramirez-Flores</u>, 743 F.3d 816, 820 (11th Cir. 2014).

Here, the <u>Shepard</u> documents and uncontested PSI show that Petitioner was charged with armed robbery and subsequently pled guilty to the lesser-included offense of robbery by intimidation.  CR 112-254, doc. no. 51-2, pp. 2, 5; (PSI ¶ 28 (Petitioner "pled guilty to the *lesser included offense* [of robbery]") (emphasis added)); <u>see also</u> O.C.G.A. § 16-8-41(a) ("The offense of robbery by intimidation shall be a lesser included offense in the offense of armed robbery.").  Furthermore, the uncontested PSI states the offense occurred when Petitioner brandished a handgun to force the victim to relinquish possession of a briefcase. (PSI ¶ 28.)

This Court previously explained why <u>Johnson</u> does not apply to Petitioner's robbery by intimidation conviction:

> Robbery by intimidation occurs when "[a] person . . . with the intent to commit theft . . . takes property of another from the person of another or the immediate presence of another . . . by intimidation, by the use of threat or coercion, or by placing such person in fear of immediate serious bodily injury to himself or to another . . . ." O.C.G.A. § 16-8-40.  Construing O.C.G.A. § 16-8-40, the Georgia Court of Appeals has held that "[a] conviction for robbery by intimidation . . . requires proof that the theft was attended with such circumstances of terror-such threatening by word or gesture, as in common experience, are likely to create an apprehension of danger, and

9

induce a [person] to part with his property for the safety of his person." <u>Smith v. State</u>, 543 S.E.2d 434, 435 (Ga. Ct. App. 2000).

Thus, robbery by intimidation contains as an element a threat, implicit or overt, which would likely create fear for the safety of the person being threatened.  Although this definition does not include the word force, the natural corollary of an act that creates fear for the safety of a person is the threatened use of physical force against that person.  Indeed, the Seventh Circuit reached this same conclusion and held that Georgia's robbery by intimidation statute falls under the elements clause of the ACCA because it contains as an element a threat of the use of physical force.  <u>See</u> <u>United States v. Thomas</u>, 280 F.3d 1149, 1159 (7th Cir. 2002).  Other circuits have held that similar robbery by intimidation statutes fall under the elements clause.  <u>See</u> <u>United States v. Presley</u>, 52 F.3d 64, 69 (4th Cir. 1995) (holding Virginia robbery by intimidation statute involved threatened use of physical force); <u>United States v. Melton</u>, 344 F.3d 1021, 1026 (9th Cir. 2003) (same); <u>United States v. Mitchell</u>, 743 F.3d 1054, 1059 (6th Cir.) (holding Tennessee crime of robbery by fear fell under elements clause because fear defined as "a fear of bodily injury and of present personal peril from violence offered or impending.")  Because Petitioner's robbery conviction clearly qualifies as a violent felony under the elements clause, the residual clause and <u>Johnson</u> are irrelevant, and Petitioner's new claim is without merit.

CR 112-254, doc. no. 67, pp. 4-5.

Accordingly, even if Petitioner's motion was not successive, his enhanced sentence under § 924(e) was properly imposed, and he is not entitled to the resentencing he seeks.

## III.   CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Respondent's motion to dismiss be **GRANTED** (doc. no. 3), Petitioner's § 2255 motion be **DISMISSED**, this civil action be **CLOSED**, and a final judgment be **ENTERED** in favor of

Respondent.

SO REPORTED and RECOMMENDED this 23rd day of May, 2017, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA