IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CR 112-254 |
| | * | |
| TYRON LARON COOKS | * | |

O R D E R

Defendant Tyron Laron Cooks has filed a motion for reduction in sentence pursuant to the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A). The Government opposes the motion. Upon due consideration, the Court denies Defendant's request for relief.

The compassionate release provision provides a narrow path for a District Court to grant release to a defendant if it finds that "extraordinary and compelling reasons" warrant such relief and that release is "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Section 1B1.13 of the Sentencing Guidelines provides the applicable policy statement, explaining that a sentence reduction may be ordered where a court determines, upon consideration of the factors set forth in 18 U.S.C. § 3553(a), that "extraordinary and compelling reasons" exist and the defendant does not present a danger to the safety of any other

person or the community. U.S.S.G. § 1B1.13. The application note to this policy statement lists three specific examples of extraordinary and compelling reasons to consider reduction of a defendant's sentence under § 3582(c)(1)(A): (1) a medical condition; (2) advanced age; and (3) family circumstances. Id. n.1(A)-(C). A fourth catch-all category provides: "**As determined by the Director of the Bureau of Prisons**, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with," the aforementioned three categories. Id. n.1(D) (emphasis added).

In this case, Defendant claims to have a qualifying medical condition based upon his medical conditions: hypertension, pre-diabetes, and high cholesterol. (Def.'s Mot., Doc. 89, at 2, 6.) That is, Defendant contends that his medical conditions, in conjunction with the potential adverse effects to him should he contract COVID-19, qualify as a serious medical condition equating to an "extraordinary and compelling" reason for compassionate release. The Centers for Disease Control ("CDC") reports the following conditions "are at increased risk of severe illness from COVID-19": cancer; chronic kidney disease; COPD; Down Syndrome; immunocompromised state (weakened immune system) from solid organ transplant; obesity (body mass index [BMI] of 30 or higher); serious heart conditions, such as heart failure, coronary artery disease, or cardiomyopathies; pregnancy; sickle cell disease;

2

smoking; and type 2 diabetes mellitus. <u>See</u> Centers for Disease Control & Prevention, *People with Certain Medical Conditions*, <u>available at</u> <u>https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html</u> (last visited on January 11, 2021). Defendant's medical records do not show that he suffers from any of these conditions. (<u>See generally</u> Gov't Resp. in Opp'n, Doc. 92, Ex. C.) Defendant, however, has been diagnosed with hypertension, which is listed by the CDC as a condition that "***might be*** at an increased risk for severe illness" for those that contract COVID-19.[1] <u>See</u> Centers for Disease Control & Prevention, *People with Certain Medical Conditions*, <u>supra</u> (emphasis added). Moreover, the medical records submitted by the Government confirm that Defendant's hypertension is well-controlled and treated with prescription medications and counseling. (Gov't Resp. in Opp'n, Ex. C at 1, 3, 10, 12, 16, 18, 22-23, 25, 31-32, 45.) It is best remembered that Defendant bears the burden of demonstrating that compassionate release is warranted. <u>Cf.</u> <u>United States v. Hamilton</u>, 715 F.3d 328, 337 (11th Cir. 2013) (in the context of a motion to reduce under § 3582(c)(2)). He has not done so. His concern about the pandemic as it relates to his medical conditions is at this point too speculative to qualify as extraordinary and compelling.

---

[1] Defendant's other medical conditions, pre-diabetes and high cholesterol, are not listed as significant risk factors.

Even if a defendant demonstrates extraordinary and compelling reasons for compassionate release, the Court must still determine if he is a danger to the community, U.S.S.G. § 1B1.13(2), and must consider the sentencing factors of 18 U.S.C. § 3553(a), § 3582(c)(1)(A). These considerations do not support early release. The nature of Defendant's offense and criminal history as a career offender reflect a troubling involvement with domestic violence and firearms.[2] Simply, the need to protect the public weighs against reducing Defendant's sentence to time served, who has over four years remaining on his sentence. Also, early release of this Defendant would fail to reflect the seriousness of his offense, promote respect for the law, provide just punishment, and afford adequate deterrence. In short, reducing his sentence at this time would not be consistent with the statutory purposes of sentencing.

Finally, Defendant challenges his status as an armed career criminal within his § 3582(c) motion. This challenge to the legality of his sentence is only cognizable under 28 U.S.C. § 2255. The Court notes that Defendant's claims in this regard have been heard and rejected by the Court in a prior § 2255 proceeding.

---

[2] Defendant's criminal history includes four domestic violence convictions, the sale of cocaine, and robbery. The robbery involved the use of a handgun, and on that same day, Defendant assaulted two others by brandishing and firing a handgun. The present conviction for possession of a firearm by a convicted felon arose out of a domestic disturbance in which shots were reportedly fired.

4

Upon the foregoing, Defendant Tyron Laron Cooks' motion for compassionate release (doc. 89) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 12th day of January, 2021.

```
_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
```